UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ENZA H. SIVIO,

           Plaintiff,

    vs.

VILLAGE CARE MAX,

           Defendant.

Case No.: 18-cv-2408

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT**

THE CLANCY LAW FIRM, P.C.
Donna H. Clancy
40 Wall Street, 61st Floor
New York, New York 10005
212-747-1744
*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ......................................................................................................... 2

ARGUMENT ............................................................................................................................... 2

STANDARD................................................................................................................................. 2

    I.    PLAINTIFF SET FORTH A PRIMA FACIE CASE OF DISABILITY DISCRIMINATION BASED UPON DEFENDANT'S FAILURE TO PROVIDE A REASONABLE ACCOMMODATION ................................................................................... 4

A. Plaintiff Requests For Accomodations Were Reasonable. Defendant's Rejection Of Those Requests Were Not.

    1. Plaintiff made home assessments by telephone and would have continued to do so without going into the field. Defendant failed to provide a rational basis for refusing this accommodation.

    2. Plaintiff's request that she not be required to do home assessment of member's homes with pets was reasonable. Defendant failed to provide a rational basis for refusing this accommodation.

    3. Plaintiff's request that she trade her cases of members with pets, with other managers whose members did not have pets was reasonable. Defendant failed to provide a rational basis for refusing this accommodation.

    4. Plaintiff's request that she take another position, for less money, which did not involve home assessments was reasonable. Defendant failed to provide a rational basis for refusing this accommodation.

B. Defendant Failed To Offer Any Accommodation Or Alternative To Plaintiff Except Resignation Or Termination.

C. Plaintiff Was Retaliated Against And Targeted For Her Engaging In Protected Activity Of Filing An EEOC Complaint.

    II.    VCMAX CANNOT DISPUTE THAT PLAINTIFF WAS DISABLED, COMPETENT AND TERMINATED ................................................................................................................ 6

    III.    VCMAX FAILED THE INTERACTIVE PROCESS ........................................................ 9

CONCLUSION................................................................................................................................ 10

i

## **Cases**

*Albunio v. City of New York*, 16 N.Y.3d 472 (2011) ........................................................................ 5
*Bennett v. Health Mgt. Sys., Inc.*, 92 A.D.3d 29 (N.Y. App. Div. 1st Dep't 2011) ............ 3, 5, 7, 8
*Dister v. Continental Group, Inc.*, 859 F.2d 1108 (1988) ............................................................... 8
*Exxon Shipping Co. v. N.Y. State Div. of Human Rights*, 303 A.D.2d 241 (1st Dep't 2003) ......... 6
*Gioia v. Forbes Media LLC*, No. 09 Civ. 6114 (RJS), 2011 U.S. Dist. LEXIS 113999 (S.D.N.Y.
    Sept. 30, 2011) ............................................................................................................................ 8
*Howley v. Town of Stratford*, 217 F.3d 141 (2d Cir. 2000) ............................................................ 6
*Meiri v. Dacon*, 759 F.2d 989 (2d Cir. 1985) ................................................................................. 8
*Melman v. Montefiore Med. Ctr.*, 98 A.D.3d 107 (1st Dep't 2012) ................................................ 6
*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102 (2d Cir. 2013) ......................... 5
*Rajnarain v. RIPCO Real Estate Corp.*, Index No. 100680/10, 2013 N.Y. Misc. LEXIS 6110
    (N.Y. Sup. Ct. Nov. 27, 2013) ................................................................................................ 3, 6
*Spiegel v. Schulmann*, 604 F.3d 72 (2d Cir. 2010) ......................................................................... 6
*Stephenson v. Hotel Emples. & Rest. Emples. Union Local 100 of the AFL-CIO*, 14 A.D.3d 325
    (1st Dep't 2005) .......................................................................................................................... 7
*Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010) ...................................................... 2
*Williams v. New York City Hous. Auth.*, 61 A.D.3d 62 (N.Y. App. Div. 1st Dep't 2009) ............. 5

**Statutes**

42 U.S.C. § 12101, *et seq.* .............................................................................................................. 1
New York Human Rights Law, N.Y. Exec. Law § 290, *et seq.* ..................................................... 1
NYC Administrative Code § 8-107 et seq. ..................................................................................... 1

**Rules**

Fed. R. Civ. P. 56(a) ....................................................................................................................... 2

Plaintiff Enza H. Sivio submits this memorandum of law in opposition to Defendant Village Care Max's motion for summary judgement dismissing her Amended Complaint.

## PRELIMINARY STATEMENT

Plaintiff ENZA H. SIVIO ("Sivio" or "Plaintiff") brought this action against her former employer Village Care Max ("VCMAX" or "Defendant") to redress the violation of Ms. Sivio's rights under the Americans with Disabilities Act of 1991, as amended 42 U.S.C. § 12101, *et seq.* ("ADA") and the New York Human Rights Law, N.Y. Exec. Law § 290, *et seq.* ("NYHRL") and NYC Administrative Code § 8-107 et seq. Plaintiff alleges that Defendants failed to provide her a reasonable accommodation to address her severe allergies and asthmatic condition, a potentially life threatening disability recognized by the ADA. Plaintiff alleges that when she proposed various reasonable accommodations, VCMAX simply rejected them out of hand and provided her a reason that was so dismissive as to constitute no reason at all. VCMAX advances the same "reasons" now.

VMAX argues that an accommodation such as asking members if they have pets would involve "a change in its business model" and or negatively impact its "bottom line" even though asking members if they have pets would have little burden on VCMAX and no burden on its members. When Ms. Silvio was finally forced to file an EEOC charge, VMAX retaliated by terminating her less than a month later, even though her performance remained satisfactory between the time she was terminated and the time she filed her EEOC charge. VMAX does not even attempt to address the presumption of retaliation that arises from the close temporal proximity of her EEOC claim and her termination, which it admits was not decided upon for performance reasons. Nor does VMAX even attempt to provide a rational non-conclusory basis for rejecting Plaintiff's various accommodation requests.

1

## STATEMENT OF FACTS

Plaintiff relies on the relevant facts and supporting record citations as set forth in Plaintiff's Counterstatement of Disputed Material Facts, in Response to Defendant's Statement of Undisputed Material facts.

## ARGUMENT
## STANDARD

Summary judgment is warranted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The district court is not permitted to resolve issues of fact, but must determine (a) whether there is a genuine issue as to any material fact, and (b) whether, in light of the undisputed facts, the movant is entitled to judgment as a matter of law." *Vivenzio v. City of Syracuse,* 611 F.3d 98, 106 (2d Cir. 2010). (internal quotation omitted). "The burden of showing that no genuine factual dispute exists rests on the party seeking summary judgment, and in assessing the record to determine whether there is a genuine issue as to a material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Sec. Ins. Co. v. Old Dominion Freight Line, Inc.,* 391 F.3d 77, 83 (2d Cir. 2004). (citations omitted) "When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo v. Prudential Residential Servs., Ltd. Pshp.*, 22 F.3d 1219, 1224 (2d Cir. 1994). Here, given the numerous issues of fact as to whether Plaintiff's requests for accommodation were reasonable, and whether the Defendant failed to afford Plaintiff such reasonable accommodations, are questions to be resolved by a jury.

Summary judgment is particularly disfavored in employment discrimination cases because "discrimination is rarely so obvious or its practices so overt that recognition of it is instant and

conclusive, it being accomplished usually by devious and subtle means." *Ferrante*, 90 N.Y.2d at 631; *accord Bennett v. Health Mgt. Sys., Inc.*, 92 A.D.3d 29, 43-44 (1st Dep't 2011) ("[T]rial courts must be especially chary in handing out summary judgment in discrimination cases, because in such cases the employer's intent is ordinarily at issue" (quotation omitted)); *Rajnarain v. RIPCO Real Estate Corp.*, Index No. 100680/10, 2013 N.Y. Misc. LEXIS 6110, at *11 (N.Y. Sup. Ct. Nov. 27, 2013) ("[A]ppellate case law emphasizes that trial courts should be particularly cautious in deciding whether to award summary judgment to the defendant in an discrimination cases, since the employer's intent is often at issue and careful scrutiny may reveal circumstantial evidence supporting an inference of discrimination." (citations omitted)).  Under the uniquely broad and remedial provisions of the New York City Human Rights Law, Admin. Code § 8-101 *et seq.*, an employer is entitled to summary judgment only if it can "show[] that there is no evidentiary route that could allow a jury to believe that discrimination played a role in the challenged action." *Bennett*, 92 A.D.3d at 40.

In its instant motion, VCMAX wholly ignores these standards.  It does not merely fail to draw inferences in Plaintiff's favor; it presents *only* the evidence most favorable to itself and entirely omits central, material facts. That alone requires denial of its motion. *Vega*, 18 N.Y.3d at 503.

### I.    PLAINTIFF SET FORTH A PRIMA FACIE CASE OF DISABILITY DISCRIMINATION BASED UPON DEFENDANT'S FAILURE TO PROVIDE A REASONABLE ACCOMMODATION

A plaintiff may set forth a prima facie case of disability discrimination from a failure to accommodate by showing that the "(1) plaintiff is a person with a disability under the meaning of the ADA [or NYHRL] [or NYCHRL]; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations."; *Liss v. Nassau Cty.*, 425 F. Supp. 2d 335, 340 (E.D.N.Y. 2006). Once an employee requests an accommodation, it "triggers a duty on the part of the employer to investigate that request and determine its feasibility." *Graves v. Finch Pruyn & Co.*, 471 F.3d 181, 185 (2d Cir. 2006) (internal quotation omitted) "The employer can defeat the claim if it shows (a) that making a reasonable accommodation would cause it hardship, and (b) that the hardship would be undue." *Stone v. City of Mount Vernon*, 118 F.3d 92, 97 (2d Cir. 1997). It is the employer's burden to prove that the accommodation would result in an undue hardship. *Id.*

Defendant concedes – as it must – that during all relevant times (1) Plaintiff had a recognized disability disabled under the ADA, NYHRL and NYCHRL, (2) VCMAX had notice of her disability and that Plaintiff made a request for an accommodation, and (3) VCMAX, as Plaintiff's employer, had the duty to determine whether a reasonable accommodation could be afforded to Plaintiff. In its defense, VCMAX asserts that Plaintiff could not perform an essential function of her job – home assessments, simply because <u>one</u> of her requested accommodations was to be assigned a different job, for less pay, which would not involve assessments. However, Plaintiff continued to perform her job duties despite facing dangerous health concerns and merely requested to continue performing this essential function in the homes of members <u>without</u>

4

pets, or by phone. Plaintiff was simply asking for her employer to uphold the terms and conditions offered to her upon hire so she could safely perform her job.

"Pursuant to [the Local Civil Rights Restoration Act of 2005], courts must analyze NYCHRL claims separately and independently from any federal and state law claims, construing the NYCHRL's provisions 'broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible.'" *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013) (quoting *Albunio v. City of New York*, 16 N.Y.3d 472, 477-478 (2011)) (citations omitted).[1] In *Bennett v. Health Management Systems*, the First Department held that the *McDonnell Douglas prima facie* inquiry was, at a minimum, inconsistent with these principles: "We stop short of holding that there is never a circumstance under the City HRL where such an [*McDonnell Douglas prima facie*] inquiry would be proper, but do conclude that such circumstances will be rare and unusual." 92 A.D.3d at 40; *accord id.* at 40 n.11 ("The granting of a motion based on the absence of a *prima facie* showing of 'circumstances giving rise to an inference of discrimination' would be even more rare given . . . the limited evidence required for that purpose.").

The proper inquiry on summary judgment is far more straightforward under the NYCHRL: an employer is entitled to summary judgment only if it can "show[] that there is no evidentiary route that could allow a jury to believe that discrimination played a role in the challenged action." *Bennett*, 92 A.D.3d at 40; *accord Melman v. Montefiore Med. Ctr.*, 98

---

[1] *Accord Williams v. New York City Hous. Auth.*, 61 A.D.3d 62, 67-68 (1st Dep't 2009) ("[T]he Restoration Act notified courts that (a) they had to be aware that some provisions of the City HRL were textually distinct from its state and federal counterparts, (b) all provisions of the City HRL required independent construction to accomplish the law's uniquely broad purposes, and (c) cases that had failed to respect these differences were being legislatively overruled." (footnote omitted))

5

A.D.3d 107, 126-127 (1st Dep't 2012) ("[T]his Court held in *Bennett* that summary judgment dismissing a claim under the NYCHRL should not be granted unless the claim also fails when analyzed under the somewhat more lenient mixed-motive framework.").

Nonetheless, if the Court chooses to engage in the *prima facie* inquiry, there can be no doubt that discovery has substantiated Sivio's claim and, in particular, established circumstances giving rise to an inference of discrimination. Under the *McDonnell Douglas* framework, "a plaintiff establishes a *prima facie* case of discrimination by showing that: (1) [she] was a member of a protected class; (2) [she] was competent to perform the job in question, or was performing the job duties satisfactorily; (3) [she] suffered an adverse employment action; and (4) the action occurred under circumstances that give rise to an inference of discrimination." *Spiegel v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010). "The burden that such a plaintiff must meet in order to defeat summary judgment at the *prima facie* stage is not onerous and has been described as 'de minimis.'" *Howley v. Town of Stratford*, 217 F.3d 141, 150 (2d Cir. 2000) (quotations omitted); *accord Melman*, 98 A.D.3d at 115 (finding that the plaintiff "carr[ied] his 'de minimis' burden of showing a *prima facie* case of age discrimination" (quoting *Exxon Shipping Co. v. N.Y. State Div. of Human Rights*, 303 A.D.2d 241, 241 (1st Dep't 2003)).

## II.   VCMAX CANNOT DISPUTE THAT PLAINTIFF WAS DISABLED, COMPETENT AND TERMINATED

As detailed above, there can be no dispute that Plaintiff was a member of a protected class: as a matter of law, her asthma is a protected disability, substantiated by uncontroverted medical records. *See* Admin. Code § 8-102(16); *Pimentel*, 29 A.D.3d at 145-146; *Rajnarain*, 2013 N.Y. Misc. LEXIS 6110; *Toth*, 2013 N.Y. Misc. LEXIS 6711; *Rodas*, 2010 N.Y. Misc. LEXIS 5597.

Second, the record establishes that Plaintiff not only was competent to perform the job in question, she was in fact performing the job duties satisfactorily. "To establish that an employee is 'qualified,' a plaintiff need not demonstrate that [her] performance was flawless or superior. Rather, [she] need only demonstrate that [she] possesses the basic skills necessary for performance of the job." *Stephenson v. Hotel Emples. & Rest. Emples. Union Local 100 of the AFL-CIO*, 14 A.D.3d 325, 340 (1st Dep't 2005).

Discovery has amply substantiated that the circumstances of Plaintiff's termination give rise to an inference of discrimination. While "[t]he granting of a motion based on the absence of a *prima facie* showing of 'circumstances giving rise to an inference of discrimination' [should] be even more rare given . . . the limited evidence required for that purpose," *Bennett*, 92 A.D.3d at 40 n.11, the record is replete with admissible evidence from which a reasonable jury would likely conclude that Plaintiff's disability played a role in VCMAX's decision to terminate her. These factors include an overt admission of discussing Plaintiff's resignation or termination if she could not come up with yet another accommodation proposal, the temporal proximity between Plaintiff's requests, her EEOC filing and her termination, the fact that VCMAX did not follow its own internal procedures of permitting care managers of having 85 or more cases to not perform field visits, and that Defendant admits that Plaintiff's performance was not its reason for terminating her. *See Ferrante*, 230 A.D.2d at 686.

*See Ferrante*, 90 N.Y.2d at 631 ("[D]iscrimination is rarely so obvious or its practices so overt that recognition of it is instant and conclusive, it being accomplished usually by devious and subtle means.").

To be entitled to summary judgment under the NYCHRL, VCMAX must "articulate through competent evidence nondiscriminatory reasons that actually motivated defendant at the

7

time of its action." *Bennett*, 92 A.D.3d at 35-36 (citing *McDonnell Douglas Corp.*, 411 U.S. at 802). Even under the ADA, "the defendant must put forward an explanation that is clear and specific, relying on the introduction of admissible evidence to support their explanation." *Gioia v. Forbes Media LLC*, No. 09 Civ. 6114 (RJS), 2011 U.S. Dist. LEXIS 113999, at *13 (S.D.N.Y. Sept. 30, 2011) (quotations omitted); *accord Meiri v. Dacon*, 759 F.2d 989, 997 (2d Cir. 1985). Vitally, it is "the defendant's obligation to articulate its *true* reasons for acting in the way that it did." *Bennett*, 92 A.D.3d at 43 (emphasis added); *accord Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1116 (1988) ("[T]he reasons tendered need not be well-advised, but merely truthful.").

VCMAX claims that it had a nondiscriminatory basis for Plaintiff's termination: her failure to engage in the interactive process of formulating a reasonable accommodation that it determined was not an undue burden. However, VCMAX's defense of its decision to terminate and failure to accommodate strains credulity, failure to even consider Plaintiff for another position cannot possibly evidence Defendant met its burden to show undue hardship.

See *McAlindin v. Cnty. Of San Diego*, 192 F.3d 1226, 1237-38 (9th Cir. 1999), opinion amended on denial of reh'g, 201 F.3d 1211 (9th Cir. 2000), cert. denied, 530 U.S. 1234 (2000) (reversing summary judgment and finding that defendant had failed to produce evidence that plaintiff's request for a transfer would create an undue hardship for the County. On the contrary, transferring plaintiff due to his anxiety disorder would not interfere with other employees' expectations because the County's transfer list is unranked and transfers are distributed in an ad hoc manner at the discretion of the hiring department.)

### III. VCMAX FAILED THE INTERACTIVE PROCESS

Once an employee asks for a reasonable accommodation, or the employer recognizes that the employee needs an accommodation but is unable to request one, the employer is obligated to initiate an interactive process aimed at determining the employee's limitations and possible ways of accommodating them. *See Barnett v. U.S. Air, Inc.* 228 F.3d 1105, 1112 (9th Cir.) (en banc), vacated on other ground, 535 U.S. 391 (2002*) Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1089 (9th Circ. 2002), appeal after remand, 105 F. App'x 892 (9th Cir. 2004); *Mengine v. Runyon,* 114 F.3d 415, 420 (3rd Cir. 1997); Taylor, 184 at 314-17; *Bultemeyer*, 100 F.3d at 1284.

"The appropriate reasonable accommodation is best determined through a flexible, interactive process that involves both the employer and the employee with a disability." *Barnett,* 228 F.3d at 1112, quoting 29 C.F.R. Pt. 1630, App. § 1630.9. See also, *EEOC Enforcement Guidance: Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act*, ¶ 5 (2002).

An employer such as VCMAX that obstructs or delays the interactive process, or fails to communicate by way of initiation or response and thereby deletes the range of possible accommodations is not fulfilling its duty to engage in the process in good faith. *Colwell v. Rite Aid,* 602 F.3d 495, 504 (3d Cir. 2010); *Taylor,* 184 F.3d at 311. The process would be an exercise in futility if employers could constrict the range of potential accommodations by policies that are not consistent with the Act, or impede the process from taking place at all. This reduces the chances that potential accommodations will be discovered and increases potential for litigation, all contrary to what Congress intended. *Cf. Taylor*, 184 F.3d at 316. *See Deane v. Pocono Medical Center*, 142 F.3d 138 (3d Cir. 1998 (*en banc*) (an employer who fails to engage

9

in the interactive process runs a serious risk that it will erroneously overlook an opportunity to accommodate a disabled employee, and thereby violate the ADA).

If the employee could have been reasonably accommodated but for the employer's lack of good faith, the employee will prevail on her failure to accommodate claim. *See Armstrong v. Burdette Tomlin Memorial Hosp.,* 438 F.3d 240, 246 (3d Cir. 2006); see also *Colwell*, 602 F.3d at 504-05; *Donahue v. Conrail*, 224 F.3d 226, 235 (3d Cir. 2000); Taylor, 184 F.3d at 317, 319. See also *Humphrey v. Memorial Hospitals Assoc.*, 239 F.3d 1128, 1139 (9th Cir. 2002), cert. denied, 535 U.S.1011 (2002) (employer failed to engage in the interactive process as a matter of law where it rejected the employee's proposed accommodations by letter and offered no practical alternatives). VCMAX has failed to engage in the interactive process as a matter of law.

## CONCLUSION

For the foregoing reasons, the record clearly establishes that a reasonable jury would find that Plaintiff has proven that her disability played a role in her termination. Plaintiff respectfully requests that Defendant's summary judgment motion be denied in its entirety.